**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY KLEIN, *Plaintiff-Appellant*, v. CITY OF BEVERLY HILLS; DANIEL CHILSON; MICHAEL PUBLICKER; DAVID L. SNOWDEN, Chief, *Defendants-Appellees*. | No. 15-56279 D.C. No. 2:13-cv-00110-JFW-VBK OPINION |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted March 10, 2017
Pasadena, California

Filed August 4, 2017

Before: A. Wallace Tashima and Jacqueline H. Nguyen,
Circuit Judges, and Algenon L. Marbley,[*] District Judge.

Per Curiam Opinion

---

[*] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

## SUMMARY[**]

### Civil Rights

The panel affirmed in part, and reversed in part, the district court's summary judgment in favor of the City of Beverly Hills, its police chief and others in Gary Klein's 42 U.S.C. § 1983 action, alleging that search warrants issued in connection with an investigation of Klein's wife's death were obtained through judicial deception.

The panel held that the discovery rule applied to a judicial deception claim. The panel further held that Klein's judicial deception claim as to the first search warrant in August 2009 began accruing when the underlying affidavit became reasonably available. The panel concluded that because Klein acted with diligence, his claim for judicial deception arising from the August 2009 search was timely.

In a concurrently field memorandum disposition, the panel affirmed the district court's decision that Klein's judicial deception claim failed on the merits.

### COUNSEL

Joseph S. Klapach (argued), Klapach & Klapach P.C., Beverly Hills, California, for Plaintiff-Appellant.

M. Lois Bobak (argued), Woodruff Spradlin & Smart APC, Costa Mesa, California, for Defendants-Appellees.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

PER CURIAM:

Gary Klein sued the City of Beverly Hills, its police chief, and others for investigating him in connection with his wife's death, claiming that the search warrants for his home and computer were obtained through judicial deception. We must decide when a judicial deception claim accrues.

### I.

### A.

Gary Klein's wife unexpectedly died at the age of forty-one. During the course of its investigation, the Beverly Hills Police Department came to suspect that Klein may have poisoned her. The police obtained three search warrants to search Klein's home and computer. Despite an extensive and lengthy investigation, no criminal charges were ever filed.

Klein filed this lawsuit under 42 U.S.C. § 1983 against the police department, the Chief, and the assigned detectives, challenging the validity of the search warrants. Klein argues that the warrants were obtained by judicial deception based on numerous alleged false statements and omissions by the detectives. Defendants argue that the first warrant, which was supported by a 10-page affidavit by Detective Daniel Chilson and was executed on August 3, 2009, is barred by a two-year statute of limitations.

At the time of the search, the police refused to show Klein the warrant and affidavit because these documents were sealed. In the months and years following the search, Klein made multiple unsuccessful attempts to obtain the

search warrant and affidavit.   Klein's efforts included repeated requests to the police department and, when those requests were unsuccessful, he hired a criminal defense attorney to petition the Los Angeles Superior Court to unseal the warrant.   On January 12, 2012, the state court ruled against him on the ground that unsealing the warrant would "interfere" with the ongoing investigation.

## B.

The current lawsuit was filed on January 7, 2013, almost three and a half years after the warrant was executed.   After the district court granted multiple stays of discovery at Defendants' request, the search warrant and supporting affidavit were produced as part of discovery to Klein in March 2015.   Soon thereafter, the district court granted Defendants' motion for summary judgment, finding with regard to the August 2009 search that Klein's claim of judicial deception was barred by the two-year statute of limitations.   This appeal followed.

## II.

## A.

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions . . . ."  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999)). California has a two-year statute of limitations for personal injury actions.   Cal. Civ. Proc. Code § 335.1.

Federal law, however, governs when civil rights claims accrue.  *E.g.*, *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001).   "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is

the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (quoting *Knox*, 260 F.3d at 1013). The discovery rule requires the plaintiff to be diligent in discovering the critical facts of the case. *Bibeau v. Pac. Nw. Research Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999).

## B.

The search warrant here was issued and executed on August 3, 2009, nearly three and a half years before Klein filed suit. Defendants argue that judicial deception claims, like other Fourth Amendment claims for unlawful searches and seizures, accrue at the time of the illegal act. We disagree. The discovery rule requires that judicial deception claims begin accruing when the underlying affidavit is reasonably available. *See Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009) ("[I]n general, the discovery rule applies to statutes of limitations in federal litigation . . . .").

In a traditional Fourth Amendment case, the plaintiff is placed on constructive notice of the illegal conduct when the search and seizure takes place. *See, e.g.*, *Belanus v. Clark*, 796 F.3d 1021, 1025–27 (9th Cir. 2015) (finding that, at the time of the searches, the plaintiff was placed on constructive notice that the searches were warrantless). Accordingly, such claims begin accruing at the time of the illegal act. *See Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983) (per curiam).

Judicial deception claims, by their very nature, accrue differently. *See Chism v. Washington*, 661 F.3d 380, 386 n.9 (9th Cir. 2011) ("A judicial deception claim is different from a garden-variety claim that a warrant lacked probable cause on its face."). These claims involve false or misleading misrepresentations that may not be readily apparent at the

time of the search.  *See, e.g.*, *Smith v. Almada*, 640 F.3d 931, 937 (9th Cir. 2011) (explaining that the crux of a judicial deception claim is not that an affidavit lacked probable cause on its face, but rather that an officer misled the judge about facts material to the existence of probable cause).  In order to discover the underlying illegality in a judicial deception case, the plaintiff must have access to the underlying affidavit.  *See, e.g.*, *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985).  Only after examining the underlying affidavit can the plaintiff identify the critical facts showing that "[an officer] misled the magistrate judge when applying for the warrant, and had the magistrate considered all of the facts that the magistrate would not have found probable cause."  *Chism*, 661 F.3d at 386 n.9 (alteration in original) (quoting *Smith*, 640 F.3d at 937).  We therefore hold that the discovery rule applies to a judicial deception claim.  Here, Klein's judicial deception claim as to the first search warrant in August of 2009 began accruing when the underlying affidavit became reasonably available.

Rather than applying the discovery rule, Defendants assert, and the district court concluded, that judicial deception claims should accrue on the date of the search, regardless of whether the underlying affidavit is accessible.  Such a rule, however, would encourage unripe claims and establish perverse incentives.  First, this rule would force plaintiffs without access to the underlying affidavits to file unripe and factually unsupported § 1983 suits, wasting legal and judicial resources as prospective plaintiffs seek to preserve their claims before the expiration of the applicable limitations period.  *Cf. Panetti v. Quarterman*, 551 U.S. 930, 943 (2007) (rejecting an approach that would lead "conscientious defense attorneys . . . to file unripe (and, in many cases, meritless)" claims that would burden courts and litigants).  Here, Defendants' rule would have compelled

Klein to file an unripe lawsuit based on the hypothetical possibility of judicial deception. Second, such a rule would create a perverse incentive for law enforcement to keep warrants under seal until the applicable limitations period expires. We see no reason not to apply the discovery rule. If a diligent plaintiff has pursued the underlying affidavit without success, accrual need not begin at the time of the search.

Here, there is no question that Klein diligently pursued the facts underlying his judicial deception claim. He repeatedly sought access to the warrant and the supporting affidavit. When his requests were denied, Klein hired a criminal defense attorney and petitioned the Los Angeles Superior Court to unseal the warrant and affidavit. When that failed, he filed this § 1983 suit. Even after this suit was filed, Defendants repeatedly resisted efforts to release the search affidavit. It is hard to imagine what more Klein could have done to pursue the factual basis for his judicial deception claim. Because Klein has acted with diligence, his claim for judicial deception arising from the August 2009 search is timely.

In a concurrently filed memorandum disposition, we affirmed the district court's decision that Klein's judicial deception claims fail on the merits.

**AFFIRMED in part; REVERSED in part.**