

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THOMAS CHARLES HORNE, Attorney General; KATHLEEN M WINN,

        Plaintiffs-Appellants,

  v.

SHEILA SULLIVAN POLK, in her official capacity as the Yavapai County Attorney,

        Defendant-Appellee.

No. 19-15942

D.C. No. 3:18-cv-08010-SPL

MEMORANDUM*

THOMAS CHARLES HORNE, Attorney General; KATHLEEN M WINN,

        Plaintiffs-Appellees,

  v.

SHEILA SULLIVAN POLK, in her official capacity as the Yavapai County Attorney,

        Defendant-Appellant.

No. 19-15943

D.C. No. 3:18-cv-08010-SPL

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted May 4, 2020[**]
Seattle, Washington

Before:  KLEINFELD, W. FLETCHER, and RAWLINSON, Circuit Judges.

Thomas Horne and Kathleen Winn ("plaintiffs") sued Sheila Polk under 42 U.S.C. § 1983, alleging that Polk violated their due process rights when, in her role as Yavapai County Attorney, she served as both advocate and adjudicator in an Arizona administrative action brought against them.  Below, Polk moved to dismiss, arguing *inter alia* that she was entitled to judicial immunity and that plaintiffs' claim was time-barred.  The district court ultimately held that *Heck v. Humphrey*, 512 U.S. 477 (1994), did not apply, and therefore accrual of plaintiffs' cause of action was not tolled pending the Arizona Supreme Court's decision that Polk had violated their due process rights.  *See Horne v. Polk*, 394 P.3d 651 (Ariz. 2017).  The district court also held that Polk was not entitled to judicial immunity.

Plaintiffs appealed, and Polk cross-appealed the judicial immunity determination.  We have jurisdiction under 28 U.S.C. § 1291, and we review de

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo a district court's dismissal based on the statute of limitations. *Mills v. City of Covina*, 921 F.3d 1161, 1165 (9th Cir. 2019). We affirm.

The applicable limitations period is two years. *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); Ariz. Rev. Stat. § 12-542. "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Klein v. City of Beverly Hills*, 865 F.3d 1276, 1278 (9th Cir. 2017) (internal quotation marks omitted). Plaintiffs knew or had reason to know of their injury when Polk, who rendered the final decision in their administrative case, admitted in a brief to the Arizona Court of Appeals that she was also "involved with the prosecution of the case, by assisting with the preparation and strategy." That brief was filed in February 2015. Yet the plaintiffs did not bring their § 1983 claim until January 2018, after their administrative case had been resolved upon remand. Their claim was therefore not made within two years of its accrual.

Plaintiffs argue that because *Heck* has been applied in the context of § 1983 claims stemming from prison disciplinary proceedings, which are administrative in nature, it may therefore be applied to the § 1983 claim stemming from their administrative case. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (applying *Heck* in a prison disciplinary context); *see also Muhammad v. Close*, 540 U.S. 749,

754 (2004) (characterizing "prison disciplinary proceedings" as "administrative determinations"). Plaintiffs' argument is overbroad. *Heck* applies where there is an underlying criminal conviction or sentence. Its limited extension involves a species of administrative decisions that the Supreme Court has acknowledged is similar to criminal proceedings. *See Edwards*, 520 U.S. at 647 (analogizing the prison disciplinary petitioner in question to a criminal defendant). Plaintiffs' administrative case, on the other hand, involved only a monetary penalty.

Because we hold that plaintiffs' § 1983 action is time-barred, we do not reach the question presented in Polk's cross-appeal of the district court's decision on judicial immunity.

**AFFIRMED.**