**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHANIE STEPHENS, individual, | No. 23-16019 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-01605-DJH |
| v. | |
| STATE OF ARIZONA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted October 22, 2024[**]
Phoenix, Arizona

Before:  M. SMITH, BADE, and FORREST, Circuit Judges.

Stephanie Stephens appeals the district court's order dismissing her 42

U.S.C. § 1983 claim for violation of the constitutional right to familial association

through judicial deception.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

Because the district court erred in finding that Stephens failed to state a judicial

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

deception claim and erred in finding that Stephens's claim was time-barred, we reverse and remand, in part, and affirm, in part.

"We review de novo a district court's order granting a motion to dismiss for failure to state a claim." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1175 (9th Cir. 2021) (citing *Dunn v. Castro*, 621 F.3d 1196, 1198 (9th Cir. 2010)).

"When the statute of limitations begins to run for an action at law is reviewed de novo." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012) (citations omitted). "However, 'the question of when a claim accrues is a fact intensive inquiry, and we have held that a district court's factual finding concerning when a claim accrues is entitled to deferential review.'" *Id.* (alterations omitted) (quoting *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 691 (9th Cir. 2005)).

1. Stephens alleged judicial deception based on a declaration submitted by Conchetta Oglesby, a caseworker for the Arizona Department of Child Safety ("DCS"), in support of DCS's petition to revoke Stephens's custody of her children pursuant to Ariz. Rev. Stat. § 8-821(A). More specifically, Stephens alleged that Oglesby omitted material information from her declaration, either deliberately or with reckless disregard for the truth.

"To state a violation of the constitutional right to familial association through judicial deception, a plaintiff must allege '(1) a misrepresentation or

2

omission (2) made deliberately or with a reckless disregard for the truth, that was (3) material to the judicial decision.'" *David v. Kaulukukui*, 38 F.4th 792, 801 (9th Cir. 2022) (quoting *Benavidez v. County of San Diego*, 993 F.3d 1134, 1147 (9th Cir. 2021)).  The district court found that Stephens had not stated a plausible judicial deception claim in her First Amended Complaint ("FAC") because she did not allege that Oglesby knew of a previous family court finding that Stephens's husband, Demetrius Kovacs, successfully alienated her children from her.

The district court erred because the FAC alleges that, before submitting the declaration, Oglesby "had reviewed" a family court order finding that Kovacs had successfully alienated Stephens's children from her.  We must accept this factual allegation as true because we are reviewing a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, Stephens plausibly alleged that Oglesby's omission of this information from her declaration was either deliberate or reckless, and we reverse the dismissal of the § 1983 claim against Oglesby.[1]  *See David*, 38 F.4th at 801–03 (holding that a judicial deception claim was plausibly alleged based on an official's failure to inform a judge that a child's mother had full custody while helping the child's father seek a temporary restraining order

---

[1] The district court's order did not address materiality, the final element of a judicial deception claim.  Therefore, on remand, the district court may need to determine, in the first instance, if Stephens has plausibly alleged that Oglesby's omission was material.

preventing any contact between mother and child).

2.     The district court also dismissed Stephens's § 1983 judicial deception claim on statute of limitations grounds. Dismissal on this ground is proper only when the untimeliness of the plaintiff's claim "'is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). The statute of limitations for a federal civil rights claim under § 1983 is "governed by the forum state's statute of limitations for personal injury actions." *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 951 (9th Cir. 2022) (quoting *Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (per curiam)). Under Arizona law, the statute of limitations for personal injury actions is two years. *Id.* at 952 (citing Ariz. Rev. Stat. § 12-542). However, unlike the length of the limitations period, accrual of a § 1983 claim is governed by federal law. *Id.* (citing *Bird*, 935 F.3d at 743); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a judicial deception claim accrues "when the underlying affidavit [becomes] reasonably available." *Klein v. City of Beverly Hills*, 865 F.3d 1276, 1279 (9th Cir. 2017).

Stephens's complaint was filed on June 8, 2022. Her § 1983 claim is therefore untimely if it accrued before June 8, 2020. *See* Ariz. Rev. Stat. § 12-542. It is unclear when Stephens gained access to Oglesby's declaration. The district

4

court found that Stephens's § 1983 claim accrued on April 9, 2020, when the juvenile court issued an order authorizing DCS to remove the children from her custody based on Oglesby's declaration. The district court erred by fixing the accrual date of Stephens's judicial deception claim without considering when Oglesby's declaration became reasonably available to Stephens. *See Klein*, 865 F.3d at 1279. Because that fact is not apparent on the face of the FAC, dismissal of this claim based on the statute of limitations was improper. Accordingly, we reverse and remand for further proceedings to determine when Stephens could have reasonably accessed Oglesby's declaration.

3.     The district court found that Appellees are not entitled to absolute immunity. Appellees argue this finding is erroneous. But Stephens's allegation is that Appellees, who are social workers, engaged in judicial deception by making false statements. "[S]ocial workers 'are not entitled to absolute immunity from claims that they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury . . . .'" *Rieman v. Vazquez*, 96 F.4th 1085, 1090 (9th Cir. 2024) (quoting *Beltran v. Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008) (per curiam)). Therefore, Appellees are not entitled to absolute immunity against Stephens's § 1983 claim.[2]

---

[2] Because Appellees did not file a cross-appeal, Appellant argues that we should not consider this issue. *See El Paso Natural Gas Co. v. Neztsosie*, 526 U.S.

4.	Appellees also argue that they are entitled to qualified immunity on Stephens's judicial deception claim. Because the district court did not address this issue, and Stephens has not briefed it, we decline to consider it. *See Hargis v. Foster*, 312 F.3d 404, 411 (9th Cir. 2002) (citing *Schneider v. County of San Diego*, 28 F.3d 89, 93 (9th Cir. 1994)).

5.	The district court found that Appellees were entitled to qualified immunity on Stephens's remaining procedural and substantive due process subclaims. Because Stephens failed to make any arguments regarding the district court's dismissal of these claims, she has forfeited any challenge to their dismissal.[3] *See Loher v. Thomas*, 825 F.3d 1103, 1119 (9th Cir. 2016) (citing

---

473, 479 (1999). *El Paso* held that, "[a]bsent a cross-appeal, an appellee may . . . not 'attack [a district court judgment] with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary.'" *Id.* (quoting *United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435 (1924)). But "[t]here is nothing in *El Paso* that limits the ability of an appellee to argue an alternative ground for affirming a district court judgment without taking a cross-appeal, when the only consequence of the court of appeals' agreement with the argument would be the affirmance of the judgment." *Rivero v. City & County of San Francisco*, 316 F.3d 857, 862 (9th Cir. 2002); *see also Lee v. Burlington N. Santa Fe Ry. Co.*, 245 F.3d 1102, 1107 (9th Cir. 2001); *Engleson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1041 (9th Cir. 1992). Here, because the district court dismissed Stephens's § 1983 judicial deception claim for failure to state a claim and untimeliness, Appellees' argument that they possess absolute immunity with respect to that claim represents an alternative ground for affirming the district court's judgment. Therefore, Appellees' absolute immunity argument would not enlarge their rights on appeal, *cf. United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1209 (9th Cir. 2021), and the absence of a cross-appeal does not affect our review of this issue.

[3] Stephens's reply brief failed to dispute Appellees' forfeiture arguments.

*Chadd v. United States*, 794 F.3d 1104, 1110 n.4 (9th Cir. 2015)).

6.　　Finally, Appellees argue that some of the documents submitted by Stephens to support her appeal (Volume III of the Excerpts of Record) are not properly before this court because they were not part of her complaint or otherwise before the district court.  *See Lowry v. Barnhart*, 329 F.3d 1019, 1025 (9th Cir. 2003).  Because none of these documents are relevant to the issues on appeal, we decline to reach the issue.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.**[4]

---

[4] Each party to bear its own costs.  *See* Fed. R. App. P. 39(a)(4).