Filed 10/21/22 Goobic v. County of El Dorado CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| BRIAN GOOBIC et al., | C093347 |
| Plaintiffs and Appellants, | (Super. Ct. No. PC20200202) |
| v. | |
| COUNTY OF EL DORADO et al., | |
| Defendants and Respondents. | |

In 2013, based on aerial observation of numerous marijuana plants and the absence of any medical marijuana posting, defendant Sergeant Robert St. Pierre of the El Dorado County Sheriff's Office (Sheriff's Office) obtained a search warrant for premises owned by plaintiff Ronald Goobic, where he resided with his son, plaintiff Brian Goobic.[1] In executing the search warrant, a newspaper photographer was allowed onto

---

[1] We refer to the Goobics individually by their first names due to their shared surname and for the sake of clarity.

1

the property with law enforcement. Law enforcement seized a variety of property, including hundreds of pounds of marijuana. Plaintiffs were charged with crimes pertaining to the marijuana possession, but those charges were dismissed in 2018. On February 21, 2019, plaintiffs obtained an order for the return of their property, including much of the marijuana. When they attempted to collect their property, they discovered that most of the marijuana had been destroyed.

Plaintiffs commenced this action asserting seven causes of action seeking damages based on the destruction of their marijuana and the alleged violation of their constitutional rights in the application for and execution of the search warrant. Defendants County of El Dorado (County) and Sergeant St. Pierre filed a demurrer asserting, among other things, that plaintiffs failed to timely file government claims as to their state law causes of action as required and that plaintiffs' federal causes of action pursuant to title 42 United States Code section 1983 were time-barred. The trial court sustained the demurrer without leave to amend.

Plaintiffs, in propria persona, appeal, asserting: (1) the government claims under the filing requirements in Government Code section 911.2, subdivision (a)[2] for the first, second, fifth, and seventh causes of action were timely based on the delayed discovery of the destruction of the cannabis; (2) their state law claims are exempt from the government claim requirement under *Minsky v. City of Los Angeles* (1974) 11 Cal.3d 113 (*Minsky*) and *Holt v. Kelly* (1978) 20 Cal.3d 560 (*Holt*); (3) the trial court erred in sustaining the demurrer as to the third, fourth, and sixth causes of action as time-barred based on their alleged constructive notice of the destruction of the cannabis and because cannabis was contraband under federal law; (4) their government claims and civil action were timely filed based on the delayed discovery of damages; (5) the trial court, in sustaining the

---

[2] Further undesignated statutory references are to the Government Code.

demurrer as to the sixth cause of action, failed to consider that liability had been established under *Monell v. New York City Dept. of Social Services* (1978) 436 U.S. 658 (*Monell*); and (6) the Health and Safety Code does not directly address the circumstances where medical cannabis is seized and destroyed by law enforcement and later shown to have been lawfully possessed.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### *The Complaint*

Plaintiffs filed a verified complaint on April 22, 2020, asserting seven causes of action. According to the complaint, the action arose based on the execution of a search warrant by the Sheriff's Office on August 12, 2013, applied for by Sergeant St. Pierre for the purpose of investigating a suspected illegal cannabis garden at plaintiffs' residence. While in his warrant affidavit, St. Pierre referenced a 1999 criminal case against plaintiffs, he failed to disclose that all criminal charges in that matter had been dismissed and that the court had been notified plaintiffs were medical cannabis patients.

Plaintiffs' residence was searched and property, including medical cannabis, was seized. Additionally, during execution of the search warrant, St. Pierre allowed a newspaper photographer onto the property and into the residence. The photographer took numerous photographs, two of which were published in a newspaper.

Criminal charges were filed alleging violations of several Health and Safety Code sections, but they were dismissed on April 9, 2018, for lack of evidence. Following dismissal of the criminal charges, plaintiffs sought an order pursuant to Penal Code section 1536 for the return of a substantial amount of the medical cannabis that had been seized, and, after a hearing on the motion, Judge Vicki Ashworth granted the motion. However, the Sheriff's Office was unable to return the majority of the cannabis because most of it had been destroyed. Plaintiffs filed a tort claim with the County on August 16,

3

2019. They received letters from the County postmarked October 15, 2019, denying their claim.

In the first cause of action, plaintiffs alleged that allowing the newspaper photographer to enter their residence and take photographs during execution of the search warrant gave rise to an unreasonable search and violated their rights under article I, section 13 of the California Constitution.

In the second cause of action, plaintiffs asserted that, by destroying their lawfully possessed property without affording them an opportunity to be heard before a neutral magistrate, the Sheriff's Office deprived them of their rights to due process of law under article I, section 7 of the California Constitution.

In the third cause of action, plaintiffs asserted that Sergeant St. Pierre violated their civil rights under title 42 United States Code section 1983 based on his knowing omission of key facts from his search warrant affidavit. They asserted St. Pierre further violated their civil rights by allowing the newspaper photographer into their home during the execution of the search warrant.

In the fourth cause of action, also under title 42 United States Code section 1983, plaintiffs asserted defendants violated their due process rights by destroying their property without affording them notice or an opportunity to be heard.

In the fifth cause of action, sounding in conversion, plaintiffs asserted they legally possessed cannabis under California law, that defendants, purposefully relying on a defective warrant, wrongfully seized and destroyed their property without right or justification, which constituted conversion, and, as a proximate result, plaintiffs suffered damages.

In the sixth cause of action, denominated "Monell Liability," plaintiffs alleged the Sheriff's Office had a pattern, practice, or custom of destroying cannabis without affording notice or the opportunity to be heard. (Boldface omitted.) Plaintiffs asserted

4

defendants violated title 42 United States Code section 1983 by violating their rights to due process based on this pattern, practice, or custom.

In the seventh cause of action, denominated "Equitable Relief under *Minsky* and *Holt*," plaintiffs asserted that defendants became bailees for their lawfully possessed property when defendants seized it. (Boldface omitted.) They further asserted that, in lieu of the wrongfully destroyed property, defendants must be compelled to respond in damages.

### *Demurrer*

Defendants filed a demurrer asserting, among other things, that the first, second, fifth, and seventh causes of action, the state law causes of action, were barred by plaintiffs' failure to timely comply with the claim presentation requirements of section 911.2, subdivision (a). Defendants asserted the seventh cause of action did not state facts sufficient to show a bailment of the seized cannabis arose between the County and plaintiffs.

Defendants asserted the third, fourth, and sixth causes of action, the federal causes of action pursuant to title 42 United States Code section 1983, were barred by plaintiffs' failure to file the action within the two-year limitations period set forth in Code of Civil Procedure section 335.1 applicable to such causes of action. They asserted the fourth and sixth causes of action were also barred because federal law does not provide due process protections for contraband.

### *Defendants' Request for Judicial Notice*

In support of their demurrer, defendants requested the trial court take judicial notice of nine items.

Exhibit A was the August 7, 2013, search warrant. Evidence to be seized included marijuana in all forms. The warrant provided, as to disposition of property specific to marijuana plants: "Your Affiant . . . respectfully requests that the Court authorize and orders the destruction of any remaining marijuana after the plants are counted,

5

photographed, videotaped and after samples, as required by Health and Safety Code section 11479, are taken . . . ." In the statement of probable cause, Sergeant St. Pierre stated that, on June 13, 2013, he observed from an aircraft approximately 70 to 80 marijuana plants in the backyard of the residence owned by Ronald and where Brian was a resident. Subsequent research revealed that there had been a previous marijuana cultivation investigation, including execution of a search warrant, which led to the discovery that the subjects were cultivating marijuana. St. Pierre stated that the "case was given to the El Dorado County District Attorney's Office for review," but did not disclose any additional information about that prior case. St. Pierre further stated that a detective conducting another flight in the area on July 31, 2013, observed the marijuana garden again and gave St. Pierre a photograph if it. St. Pierre noted the "plants appear to be in the same configuration as seen on 6/13/13 and have significantly grown in size." St. Pierre further noted that, "during the course of the investigation I have yet to see any form of medical marijuana postings around [plaintiffs' address] from either driving by or flying over the property." Based on the absence of visible medical marijuana recommendations posted at the location and the large size and quantity of plants, St. Pierre believed the occupants were illegally cultivating marijuana.

Exhibit B was the search warrant return and inventory. It indicated the search warrant issued on August 7, 2013, and was executed August 12, 2013. Among other things in the inventory, law enforcement seized 93 marijuana plants growing outside (item No. 29) and 175-200 pounds of marijuana hanging from an upstairs ceiling (item No. 37).

Exhibit C was the Sheriff's Office's request for release of property and order to dispose of excess marijuana and the corresponding affirmation of destruction filed on October 23, 2014. The prosecution requested the court to order the destruction of 230.4 pounds of excess marijuana, while more than 87.5 pounds would be retained as evidence. Judge Dylan Sullivan signed the order dated October 23, 2014. On the same

6

date, a property/evidence technician affirmed that 230.4 pounds of marijuana had been destroyed.

Exhibit D was plaintiffs' "motion to traverse affidavit, quash search warrant, suppress evidence and return property (Penal Code section 1538.5)" filed in the criminal case on November 10, 2016.

Exhibit E was the electronic court docket in the criminal case.

Exhibit F was the order for return of property filed in the criminal case by Judge Ashworth on or about February 21, 2019. Item No. 21 on the order was: "#38: Marijuana from upstairs jars – booked in 10 separate bags – gross weight. 56609 Grams." Item No. 24 was: "#42: Marijuana from upstairs – mixed stems and bud, 73,854 grams gross weight, packaged 12 bag."

Exhibit G was the prosecution's written response to the motion for return filed in the criminal case on February 14, 2019.

Exhibit H was the reporter's transcript of the February 15, 2019, oral argument before Judge Ashworth on the motion for return of seized property in the criminal case. It was not revealed during argument that the subject marijuana had been destroyed.

Exhibit I was the August 16, 2019, liability claim forms completed by each plaintiff, in other words, the government claim filings. On the forms, plaintiffs stated they had appointments on March 19, 2019, to retrieve their property from the Sheriff's Office, but 233 pounds of marijuana ordered returned by Judge Ashworth, items 21 and 24 from the property return order, was not returned. They also stated that the cannabis returned was not in usable condition.

The trial court granted defendants' request for judicial notice.

### Plaintiffs' Opposition

Plaintiffs filed an opposition to defendants' demurrer. Addressing timeliness as to their government claims related to the destruction of property, plaintiffs asserted they filed their claims pursuant to section 911.2 on August 16, 2019, within six months of the

7

March 19, 2019, date upon which they discovered their property had been destroyed. They also asserted their contention as to the *Minsky/Holt* exemption to the government claim requirement.

With regard to defendants' contention that cannabis is not afforded federal due process protections because it is deemed contraband, plaintiffs asserted that, because the Sheriff's Office had acted under color of California state law, and all court proceedings occurred in California state courts, "the appropriate standard for judging the cannabis to be contraband or not would be [California] State Law."

Plaintiffs further asserted that the "misuse of state law, to wit, [California] Health and Safety Code [section] 11479 to destroy plaintiffs' property establishes *Monell* liability." Plaintiffs asserted the Sheriff's Office "consistently seeks destruction of cannabis seized with or without a warrant, using" Health and Safety Code section 11479 "as their justification for doing so" in violation of property rights. According to plaintiffs, defendants' "failure to provide criminal defendants with a remedy to this destruction of property can be seen as a policy that violates these due process property interests."

### Defendants' Reply

In their reply, defendants, among other things, pointed out the lack of a response to their argument that the third, fourth, and sixth causes of action, the federal causes of action, were untimely as filed more than two years after accrual. Addressing the issue of the property's status as contraband under federal law, defendants asserted that plaintiffs "paradoxically assert that *state* law controls the merits of their federal law claims." With regard to plaintiffs' contention pursuant to *Monell* that the Sheriff's Office consistently, summarily destroys cannabis, with or without a warrant, defendants asserted that the destruction here was pursuant to court authorization. Defendants further asserted plaintiffs "wholly omit[ ] analyzing whether [Health and Safety Code section] 11479's destruction procedure violates the Fourteenth Amendment's Due Process Clause. . . .

8

[S]ummary destruction of contraband cannot be unconstitutional (under federal law) because no citizen has the right to possess contraband."

### *The Trial Court's Tentative Ruling*

In its tentative ruling, with regard to the first, second, fifth, and seventh causes of action, the state law claims, the court agreed with defendants that plaintiffs' government claims were not timely presented to the County. The court noted that section 945.3 provided that no one charged with a criminal offense "may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court." (§ 945.3.) Under such circumstances, "[a]ny applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court." (*Ibid.*) However, the court further noted that section explicitly provided: "Nothing in this section shall prohibit the filing of a claim with the board of a public entity, and this section shall not extend the time within which a claim is required to be presented pursuant to Section 911.2." (*Ibid.*) The court concluded: "plaintiffs cannot avoid the plain language of section 945.3 that negates their tolling argument. Accordingly, because plaintiffs' tort claim was not timely presented to the County, defendants' demurrer to the 1st, 2nd, 5th, and 7th causes of action [is] sustained." The court sustained the demurrer as to these causes of action without leave to amend, concluding there did not appear to be a reasonable possibility the pleading could be cured by amendment and that plaintiffs had not demonstrated amendment could cure the defect.

Next, the court concluded plaintiffs' third, fourth, and sixth causes of action, the federal causes of action, were time-barred under the two-year limitations period in Code of Civil Procedure section 335.1 applicable to causes of action pursuant to title 42 United

9

States Code section 1983. The court determined that the claims pertaining to the search warrant and the search accrued on the date the warrant was executed, August 12, 2013. Therefore, the deadline for filing a title 42 United States Code section 1983 cause of action was August 12, 2015. Accordingly, these claims, asserted in plaintiffs' April 22, 2020, complaint, were untimely. Further, the court agreed with defendants that plaintiffs' claims addressing the destruction of the cannabis accrued no later than October 23, 2014, the date on which the cannabis was destroyed. Addressing plaintiffs' argument that the claims did not accrue until March 19, 2019, when they first learned of the destruction, the court stated that court records in plaintiffs' criminal case showed that, on October 23, 2014, the court signed an order granting the prosecution's request to release and destroy the excess cannabis. The court continued: "Plaintiffs present no reason why they did not know about the court order granting the prosecution's request to destroy the excess cannabis on October 28, 2014, which order was filed in their criminal case and was required to be served on defense counsel." Because the claims accrued no later than October 23, 2014, these claims, too, were time-barred. The court sustained the demurrer as to these causes of action without leave to amend.

As an alternative ground for sustaining the demurrer without leave to amend as to the fourth and sixth causes of action, the court noted that, in 2013 and 2014, cannabis was contraband under federal law and therefore could not be legally possessed. Therefore, plaintiffs had no due process right to have the cannabis returned to them.

As an additional, alternative ground for sustaining the demurrer without leave to amend as to the second cause of action, the court stated that, under the prior version of Health and Safety Code section 11479 effective in 2013 and 2014, "at any time after seizure by a law enforcement agency of a suspected controlled substance, that amount in excess of 10 pounds in gross weight may be destroyed without a court order by the chief of the law enforcement agency or a designated subordinate." (Former Health & Saf.

10

Code, § 11479.) Therefore, the court stated plaintiffs had no due process right under state law to be heard before a neutral magistrate prior to the destruction of the excess cannabis.

After oral argument, the trial court sustained defendants' demurrer to the entire complaint without leave to amend.

### *Order and Judgment*

In a written order filed November 20, 2020, the trial court, for the reasons stated in its tentative ruling, sustained defendants' demurrer without leave to amend. In a judgment filed December 11, 2020, the trial court ordered the matter dismissed.

### **DISCUSSION**

A demurrer tests the sufficiency of the complaint as a matter of law, and it raises only questions of law. (Code Civ. Proc., § 589, subd. (a).) "We review a trial court's decision to sustain a demurrer for an abuse of discretion." (*Zipperer v. County of Santa Clara* (2005) 133 Cal.App.4th 1014, 1019.) " ' " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the [complaint] a reasonable interpretation, reading it as a whole and its parts in their context." ' " (*Finch Aerospace Corp. v. City of San Diego* (2017) 8 Cal.App.5th 1248, 1251-1252.) "In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory." (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.) "Where the demurrer was sustained without leave to amend, we consider whether the plaintiff could cure the defect by an amendment. The plaintiff bears the burden of proving an amendment could cure the defect." (*Ibid*.)

Before proceeding to the merits, we offer this note to explain the organization of this opinion. The parties do not organize their arguments in anything close to resembling the same manner and, in some instances, present arguments that are redundant with others. Plaintiffs' arguments again, in brief, are: (1) the government claims for the state

11

law causes of action were timely based on delayed discovery; (2) the state law claims based on the seizure and destruction of the marijuana are exempt from the government claim filing requirements under *Minsky* and *Holt*; (3) the trial court erred in sustaining the demurrer as to the federal causes of action as untimely and because cannabis was contraband under federal law; (4) their government claims and civil action were timely filed; (5) as to the sixth cause of action, the trial court failed to consider *Monell* liability; and (6) the Health and Safety Code does not address the circumstance where lawfully possessed cannabis is seized and improperly destroyed.

While we address all issues necessary to the disposition of this appeal, we organize our discussion differently. We address (1) the *Minsky*/*Holt* exemption from the government claim requirement applicable to the state law claims first because, if that exemption applied, the timeliness of plaintiffs' government claims would be moot. Concluding plaintiffs' state law claims were not exempt from the government claim filing requirement, we next address (2) whether the government claims were timely filed as to the first, second, fifth, and seventh causes of action. We then address (3) whether the third, fourth and sixth causes of action, all asserted pursuant to title 42 United States Code section 1983, were timely filed and/or were viable based on the status of marijuana as contraband under federal law. Contentions raised in plaintiffs' fourth and fifth arguments are subsumed in our discussion of the foregoing issues. And, in light of our conclusions that, for the reasons set forth *post*, the trial court properly sustained the demurrer as to the entire complaint without leave to amend, we need not reach plaintiffs' sixth argument.

# I

### *The* **Minsky/Holt** *Exemption from the Government Claim Requirement*

The complaint's second, fifth, and seventh causes of action are based on the seizure and destruction of plaintiffs' cannabis. In the second cause of action, plaintiffs asserted that, by destroying their lawfully possessed cannabis without an opportunity to

12

be heard before a neutral magistrate, defendants deprived them of their due process rights under the California Constitution, and that, as a result, they suffered loss of property and emotional distress. In the fifth cause of action, sounding in conversion, plaintiffs asserted they legally possessed the cannabis, that defendants wrongfully seized and destroyed it without right or justification, which constituted conversion, and that, as a proximate result, they suffered damages. In the seventh cause of action, denominated "Equitable Relief under *Minsky* and *Holt*," plaintiffs asserted defendants became bailees for their lawfully possessed property when they seized it. (Boldface omitted.) They further asserted that, in lieu of the improperly destroyed property, defendants must be compelled to respond in damages. We conclude the *Minsky*/*Holt* issue expressly advanced in the seventh cause of action is potentially relevant to the government claim requirement as to the second and fifth causes of action as well. We therefore proceed to consider it in relation to each of these causes of action.

"[S]ection 900 et seq. establishes certain conditions precedent to the filing of a lawsuit against a public entity." (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1237, fn. omitted.) Section 905 states that, with enumerated exceptions, "[t]here shall be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) all claims for money or damages against local public entities . . . ." Subdivision (a) of section 911.2 provides, in part: "A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) not later than six months after the accrual of the cause of action." As the trial court noted, while section 945.3 may toll the running of the applicable statute of limitations while charges are pending, that section "shall not extend the time within which a claim is required to be presented pursuant to Section 911.2." (§ 945.3.)

The failure to comply with that claim requirement "bars the plaintiff from bringing suit against that entity." (*State of California v. Superior Court, supra*, 32 Cal.4th at

13

p. 1237, citing § 945.4; accord *City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 454 [failure to file a claim is fatal to the cause of action].) The failure to comply with the claim requirement also bars suit against the public entity's employee for acts or omissions occurring in the scope of employment as a public employee. (§ 950.2.) "For the purpose of computing the time limits prescribed by Section[ ] 911.2, . . . the date of the accrual of a cause of action to which a claim relates is the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented to and be acted upon by the public entity before an action could be commenced thereon." (§ 901.)

The government claim requirement applies to "claims for money or damages against local public entities." (§ 905.) The *Minsky/Holt* rule is an exemption from the government claim requirement. "The *Minsky* rationale is that a claim for specific property effectively held by the government as a 'bailee' for the claimant is not one for 'money or damages' under the Government Claims Act." (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 743 (*City of Stockton*).)

"In *Minsky*, the plaintiff sought the return of money seized by the police from an arrested person and allegedly diverted to the Policeman's and Fireman's Pension Fund after the criminal charges were resolved. [Citation.] This court held that a claim for the recovery of specific property is not one for 'money or damages' under the Government Claims Act. [Citation.] Even if the cash taken from the arrestee was no longer traceable, the 'initial exemption of the action from the claims statute is not lost simply because the city takes the further wrongful step of disposing of the bailed property. The city cannot be permitted to invoke the claims statute, originally not available to it, by virtue of a later wrongful dissipation of the property. To so hold would be in effect to allow the local entity to profit by its own wrong, penalizing a plaintiff who, in light of the specific

14

recovery remedy apparently available to him, justifiably did not file a claim.' " (*City of Stockton, supra*, 42 Cal.4th at p. 742.)

"*Minsky* was followed in *Holt v. Kelly*, which similarly involved a claim for the return of personal property seized at the time of an arrest. [Citation.] The rule that suits to recover specific property are not subject to the claim requirements has also been applied in actions to recover property seized under a search warrant, or compensation for its value." (*City of Stockton, supra*, 42 Cal.4th at p. 742.) "Subsequent cases have limited the *Minsky* exception to situations in which the defendant had a duty to return seized property, enforceable by way of mandamus." (*Id.* at p. 743.)

Claiming the *Minsky/Holt* exemption applies, plaintiffs assert the trial court improperly sustained the demurrer as to their state law claims based on their failure to comply with the claim filing requirement. (§§ 905, 911.2, subd. (a).)

Obviously, by the time plaintiffs commenced this action, defendants had destroyed the cannabis. Plaintiffs cannot recover their specific property. Nor in their complaint do they seek to recover specific property. Rather, plaintiffs can only seek damages in lieu of recovery of their property. Thus, the "rule that *suits to recover specific property* are not subject to the claim requirements" initially would not appear to apply. (*City of Stockton, supra*, 42 Cal.4th at p. 742, italics added.)

In *Holt*, however, the Supreme Court specifically held "that an arrestee who seeks in good faith to specifically recover property taken from him at the time of his arrest is exempt from the claim filing provisions of the Government Code, even though some or all of the property may have been dissipated and respondent may be compelled to respond in damages in lieu of property." (*Holt, supra*, 20 Cal.3d at p. 565, fn. omitted.) Significantly, this holding contemplates a plaintiff "who seeks in good faith to specifically recover property taken from him at the time of his arrest . . . ." (*Ibid.*)

Here, plaintiffs could not in good faith seek to recover their specific property at the relevant times. The cannabis at issue was destroyed pursuant to court order on

15

October 23, 2014. On that date, a property/evidence technician affirmed that 230.4 pounds of marijuana had been destroyed. The order authorizing the destruction of the cannabis and the affirmation attesting to its destruction were filed in the El Dorado Superior Court in plaintiffs' criminal case on October 23, 2014. Plaintiffs were represented by counsel in the criminal case. Thus, as of October 23, 2014, plaintiffs had constructive notice, based on the order and affirmation filed in their criminal case, that their property had been destroyed. (See *Lazzarevich v. Lazzarevich* (1952) 39 Cal.2d 48, 50 ["[o]rdinarily a person is held to know what his attorney knows and should communicate to him"]; *Laukkare v. Abramson* (1935) 9 Cal.App.2d 447, 449 ["It is well established . . . that knowledge of an agent is imputed to his principal and also that the knowledge of an attorney is imputed to his clients"].) Whether assessed on or about January 11, 2019, at the time plaintiffs sought an order to recover their property, at the time of their commencement of this action in 2020, or at any other time after October 23, 2014, plaintiffs, at the least, had constructive notice their property had already been destroyed. Therefore, they could not seek, in good faith, to specifically recover the cannabis. (See *Holt, supra*, 20 Cal.3d at p. 565.)

Moreover, as noted, plaintiffs do not actually seek the recovery of their specific property. They seek damages in lieu of recovery of that property. With at least constructive knowledge, at all relevant times, that their property had been destroyed, plaintiffs in fact bring this action seeking "money or damages." (§ 905; cf. *Ramirez v. Tulare County Dist. Attorney's Office* (2017) 9 Cal.App.5th 911, 934 [the defect in defendants' argument is that the Government Claims Act applies only to claims for money or damages; here, as the trial court correctly found, plaintiffs sought the return of seized personal property, not damages, and thus the Government Claims Act was inapplicable].)

Nor does the rationale behind the *Minsky/Holt* exemption support application of the exemption here. In this regard, in a footnote in *Minsky*, the Supreme Court stated:

16

"Moreover, even if the money taken from arrestee Marino is no longer traceable to any property presently in defendant's possession and thus is not strictly available for specific recovery, we believe that plaintiff's cause of action would not be foreclosed by the claims statutes. As discussed above, after a local governmental entity wrongfully withholds an arrestee's property, the arrestee clearly can seek specific recovery of the property while it is still in the possession of the local entity without being limited to the relatively short period for filing claims set forth in the claims statutes. This initial exemption of the action from the claims statute is not lost simply because the city takes the further wrongful step of disposing of the bailed property. The city cannot be permitted to invoke the claims statute, originally not available to it, by virtue of a later wrongful dissipation of the property. To so hold would be in effect to allow the local entity to profit by its own wrong, penalizing a plaintiff who, in light of the specific recovery remedy apparently available to him, justifiably did not file a claim." (*Minsky, supra*, 11 Cal.3d at p. 121, fn. 14.)

Here, defendants did not, in effect, force plaintiffs to seek money damages by improperly destroying plaintiffs' property and then seek to shield themselves from liability by invoking the claims statute and the fact that the claim requirement applies to "claims for money or damages." (§ 905.) Rather, defendants destroyed plaintiffs' cannabis in 2014 pursuant to court order and plaintiffs had constructive notice of this in 2014. Years later, in 2019, with this constructive knowledge, plaintiffs nonetheless purported to seek the return of their cannabis, and, the following year, commenced this action seeking damages. Plaintiffs did not justifiably decline to file a government claim in light of the specific recovery remedy apparently available to them; that remedy was long foreclosed, years before plaintiffs took any steps to recover their property, and plaintiffs are charged with knowledge of those circumstances. Plaintiffs did not seek return of their property for more than four years after they had constructive notice of its destruction.

17

We conclude that the second, fifth, and seventh causes of action were not exempt from the government claim filing requirements under the *Minsky/Holt* exemption. We therefore proceed to consider the timeliness of plaintiffs' government claims.

**II**

***Timeliness of Government Claims – First, Second, Fifth, and Seventh Causes of Action***

The trial court's ruling, sustaining the demurrer as to the first, second, fifth, and seventh causes of action, was premised on the failure to timely file government claims under section 911.2. Plaintiffs' assertion that this was error is largely based on their contentions concerning delayed discovery. Plaintiffs assert the trial court sustained the demurrer on the ground that they, personally or through their attorney, were served with paperwork indicating their property had been destroyed at the time of destruction. However, they assert there is no indication in the record that they were actually served with such paperwork. Therefore, their discovery that their property had been destroyed was justifiably delayed. They assert their "knowledge of the destruction did not occur until well after the deadline to file the claim under . . . [section] 911.2[, subdivision ](a) . . . due to the failure of [the Sheriff's Office] to follow the notice procedures established by" Health and Safety Code section 11479.**[3]**

---

**[3]** Plaintiffs repeatedly assert in their opening brief, in several contexts, that defendants failed to satisfy the mandatory notice requirements of Health and Safety Code section 11479 by failing to provide them with proper notice of the destruction of the marijuana. However, in their reply brief and at oral argument plaintiffs have asserted that Health and Safety Code section 11479 and its notice provisions are unconstitutional as applied. " ' "Obvious considerations of fairness in argument demand that the appellant present all . . . points in the opening brief. To withhold a point until the closing brief would deprive the respondent of [the] opportunity to answer it or require the effort and delay of an additional brief by permission. Hence the rule is that points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before." ' " (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764, quoting *Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8; accord, *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)

18

"The general rule for defining the accrual of a cause of action sets the date as the time 'when, under the substantive law, the wrongful act is done,' or the wrongful result occurs, and the consequent 'liability arises.' " (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397.) "In other words, it sets the date as the time when the cause of action is complete with all of its elements . . . ." (*Ibid.*)

## A. The First Cause of Action – Unreasonable Search/Presence of Photographer

The first cause of action is premised not on the destruction of plaintiffs' cannabis but on the newspaper photographer accompanying law enforcement onto plaintiffs' property when law enforcement executed the search warrant. Execution of the search warrant occurred on August 12, 2013. The alleged unreasonable search resulting from the photographer's presence occurred during that search. Plaintiffs make no delayed discovery argument with regard to the photographer's presence during execution of the search warrant. The deadline for filing a government claim concerning this cause of action under section 911.2, subdivision (a) was six months later, on February 12, 2014. Plaintiffs submitted their government claim on August 16, 2019. These claims were untimely in relation to the first cause of action.

Moreover, the government claims do not mention the presence of the photographer during execution of the search warrant at all. They only address the destruction of the cannabis. In other words, plaintiffs did not assert this claim in the government claims they submitted to the County.

We conclude the trial court did not err in sustaining defendants' demurrer as to this cause of action based on plaintiffs' failure to timely file a government claim. We further conclude the trial court properly sustained the demurrer as to the first cause of action without leave to amend. Plaintiffs have not shown an amendment could cure the defect. (*T.H. v. Novartis Pharmaceuticals Corp., supra*, 4 Cal.5th at p. 162.)

19

**B. The Second, Fifth, and Seventh Causes of Action – Destruction of Cannabis**

Turning to the causes of action addressed to the destruction of plaintiffs' cannabis, the second, fifth, and seventh causes of action, the cannabis was destroyed on October 23, 2014. If this were the date from which plaintiffs' time to file a government claim began to run, that six-month period would expire after April 23, 2015. Again, plaintiffs did not file their government claims until August 16, 2019.

Plaintiffs assert they did not discover their property had been destroyed until March 19, 2019. Based on the delayed discovery rule, plaintiffs assert the six-month time period within which to file their government claim began upon their discovery that their property had been destroyed and therefore extended to September 19, 2019. They filed their claims on August 16, 2019, and therefore, according to plaintiffs, their government claims were timely.

"An exception to the general rule for defining the accrual of a cause of action . . . is the discovery rule. [Citation.] It may be expressed by the Legislature or implied by the courts. [Citation.] It postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." (*Norgart v. Upjohn Co., supra*, 21 Cal.4th at p. 397.) Put another way, under the delayed discovery rule, the cause of action accrues "when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her," or "once the plaintiff ' " 'has notice or information of circumstances to put a reasonable person *on inquiry* . . . .' " ' " (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1110-1111, fn. omitted.) We conclude the discovery rule does not render plaintiffs' government claims timely.

The search warrant itself, signed on August 7, 2013, and executed on August 12, 2013, authorized "the destruction of any remaining marijuana after the plants are counted, photographed, videotaped and after samples, as required by Health and Safety Code section 11479, are taken . . . ." Exhibit C was the Sheriff's Office's request for release of property and order to dispose of excess marijuana and the affirmation of destruction. In

20

the request, the prosecution requested the court to order the destruction of 230.4 pounds of excess marijuana. Judge Sullivan signed the order dated October 23, 2014. On the same date, a property/evidence technician affirmed that 230.4 pounds of marijuana had been destroyed. These documents were filed in the El Dorado Superior Court in plaintiffs' criminal case on October 23, 2014.

In short, the search warrant itself, executed August 12, 2013, alerted plaintiffs to the fact that the prosecution would seek the destruction of marijuana in excess of that needed for samples and alerted them to the statutory authority invoked. In the property section manifest, with the subject line, "DISPOSAL OF DRUG EVIDENCE," a technician affirmed that, on October 23, 2014, the marijuana was indeed destroyed. And, again, this was filed in court in plaintiffs' criminal case. At the least, these documents gave plaintiffs " ' " 'notice or information of circumstances to put a reasonable person *on inquiry. . . .' " ' " (*Jolly v. Eli Lilly & Co., supra*, 44 Cal.3d at pp. 1110-1111.)

Plaintiffs' contention that the notice of destruction was not served on them is unavailing. Plaintiffs emphasize that the trial court stated that the court order authorizing the destruction of the cannabis "was filed in [plaintiffs'] criminal case *and was required to be served on defense counsel*." (Italics added.) They assert that an affidavit memorializing the destruction of the cannabis was "never served on counsel or [plaintiffs] themselves," and assert the "absence of notice led to the delayed discovery that [their] property had been destroyed." However, Health and Safety Code section 11479, on which they rely in making the former assertion, did not require an affidavit of destruction be served on them. The last paragraph of that section provides, in pertinent part: "Subsequent to any destruction of a suspected controlled substance pursuant to this section*, an affidavit shall be filed within 30 days in the court that has jurisdiction over any pending criminal proceedings pertaining to that suspected controlled substance*, reciting the applicable information required by subdivisions (a), (b), (c), and (d) together with information establishing the location of the suspected controlled substance, and

21

specifying the date and time of the destruction." (Health & Saf. Code, § 11479, italics added.) As the italicized passage states, an affidavit reciting the relevant information is to be filed in the court with jurisdiction over any pending criminal proceedings pertaining to the controlled substance. (*Ibid*.) That is precisely what occurred here. Contrary to plaintiffs' contention, the statute does not mandate service on the criminal defendants as such.

With at the least constructive notice of the destruction of the cannabis as of October 23, 2014, the delayed discovery rule cannot render plaintiffs' government claim, filed on August 16, 2019, almost five years later, timely under the six-month period set forth in section 911.2.

Specifically with regard to the conversion cause of action, " ' " '[c]onversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages.' " ' " (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1240.) "To the extent our courts have recognized a 'discovery rule' exception to toll the statute, it has only been when the defendant in a conversion action fraudulently conceals the relevant facts or where the defendant fails to disclose such facts in violation of his or her fiduciary duty to the plaintiff." (*AmerUS Life Ins. Co. v. Bank of America, N.A.* (2006) 143 Cal.App.4th 631, 639.) There is no allegation here that defendants fraudulently concealed the destruction of the marijuana. Nor could plaintiffs viably advance such an allegation in light of the fact that the destruction order and affirmation were filed in their criminal case.

While plaintiffs assert as to the conversion cause of action that they could not file suit until they could prove lawful possession, first, even if true, this would not necessarily prevent them from filing a government claim to preserve their cause of action. Second, the conversion cause of action was expressly premised on the wrongful seizure and

22

destruction of their property based on a defective warrant, all of which occurred by October 23, 2014. As stated *ante*, delayed discovery did not apply to the conversion cause of action as there was no allegation defendants fraudulently concealed the destruction of the marijuana. (*AmerUS Life Ins. Co. v. Bank of America, N.A., supra*, 143 Cal.App.4th at p. 639.) Third, as medical cannabis patients, plaintiffs were in a position to assert lawful possession of the cannabis for purposes of filing a timely government claim, even before acquiring the order for the return of their property. That plaintiffs managed to obtain an order for the return of their property years after they had at least constructive notice that it had been destroyed does not save their conversion cause of action.

We conclude the trial court properly sustained the demurrer as to the second, fifth, and seventh causes of action on the ground that plaintiffs' government claims were not timely filed under section 911.2. Given the nature of this determination, we conclude the trial court properly sustained the demurrer as to these causes of action without leave to amend. Plaintiffs have not shown an amendment could cure the defect. (*T.H. v. Novartis Pharmaceuticals Corp., supra*, 4 Cal.5th at p. 162.)

### III

### *The Third, Fourth, and Sixth Causes of Action – Title 42 United States Code Section 1983*

Defendants demurred as to the third, fourth, and sixth causes of action, asserting they were barred by plaintiffs' failure to file the action within the two-year limitations period set forth in Code of Civil Procedure section 335.1 applicable to causes of action pursuant to title 42 United States Code section 1983. The trial court sustained the demurrer on the basis these causes of action were time-barred. As an alternative ground for sustaining the demurrer as to the fourth and sixth causes of action, the court noted that, in 2013 and 2014, cannabis was contraband under federal law and therefore could

23

not be legally possessed. As such, plaintiffs had no due process right to have the cannabis returned to them.

"A [title 42 United States Code] section 1983 cause of action is subject to the forum state's statute of limitations for personal injury torts." (*Shalabi v. City of Fontana* (2021) 11 Cal.5th 842, 847, citing *Wallace v. Kato* (2007) 549 U.S. 384, 387.) "California's statute of limitations governing a personal injury claim is two years." (*Shalabi*, at p. 847, citing Code Civ. Proc., § 335.1.) The high court has also stated, "[w]e have generally referred to state law for tolling rules, just as we have for the length of statutes of limitations." (*Wallace*, at p. 395.)

However, "the accrual date of a [title 42 United States Code section] 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." (*Wallace v. Kato, supra*, 549 U.S. at p. 388.) It "is 'the standard rule that [accrual occurs] when the plaintiff has "a complete and present cause of action," ' [citations], that is, when 'the plaintiff can file suit and obtain relief.' " (*Ibid.*) A claim may accrue "when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.' " (*Elliott v. City of Union City* (9th Cir. 1994) 25 F.3d 800, 802.)

## A. The Third Cause of Action – Search Warrant Application and Execution

In the third cause of action, plaintiffs asserted Sergeant St. Pierre violated their civil rights in violation of title 42 United States Code section 1983 based on his knowing omission of key facts from his search warrant affidavit and by allowing the newspaper photographer into their home during the execution of the search warrant.

The warrant was signed on August 7, 2013, and executed on August 12, 2013. Plaintiffs' claim thus accrued on August 12, 2013, at which time the two-year limitations period began to run.[4] (Code Civ. Proc., § 335.1.) However, relevant to tolling, as stated

---

[4] Defendants note that, under federal law, "[t]he discovery rule requires that judicial deception claims" such as omitting material information from a warrant application

24

*ante*: "No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court." (§ 945.3.) Thus, the filing of charges against plaintiffs on September 9, 2013, tolled the running of the limitations period after 27 days had elapsed. (§ 945.3.) The charges were dismissed on April 9, 2018, at which time the running of the limitations period resumed. Therefore, following the tolling, the two-year limitations period ended on March 12, 2020, 703 days after tolling ended. Plaintiffs commenced this action on April 22, 2020. The trial court correctly concluded that the third cause of action was untimely under Code of Civil Procedure section 335.1.

While plaintiffs acknowledge the charges against Ronald were dismissed on April 9, 2018, they assert that a remaining child pornography possession charge against Brian was not resolved until May 14, 2019. Therefore, they suggest the third cause of action was timely insofar as asserted by Brian. However, as stated *ante*, relevant to tolling, a person charged may not bring an action against a peace officer or his or her public entity employer "*based upon conduct of the peace officer relating to the offense for which the accused is charged* . . . while the charges against the accused are pending before a superior court." (§ 945.3, italics added.) As defendants assert, plaintiffs make no argument as to how the claims that Sergeant St. Pierre violated their civil rights by omitting facts from his search warrant affidavit and by allowing the newspaper

---

"begin accruing when the underlying affidavit is reasonably available." (*Klein v. City of Beverly Hills* (9th Cir. 2017) 865 F.3d 1276, 1278-1279.) As defendants further assert, there is no allegation or request for leave to amend with regard to any contention that the warrant application affidavit was not immediately available.

photographer into the home during the execution of the search warrant related to the child pornography charge so as to support tolling.

A plaintiff may seek leave to amend for the first time on appeal and may argue the trial court abused its discretion in sustaining a demurrer without leave to amend even though the plaintiff did not seek to amend in the trial court. (Code Civ. Proc., § 472c, subd. (a) ["When any court makes an order sustaining a demurrer without leave to amend the question as to whether or not such court abused its discretion in making such an order is open on appeal even though no request to amend such pleading was made."]; *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 970-971 [trial court's abuse of discretion in sustaining a demurrer without leave to amend reviewable on appeal even in absence of a request for leave to amend]; *Denny v. Arntz* (2020) 55 Cal.App.5th 914, 926 [plaintiff may seek leave to amend for the first time on appeal]; *A.J. Fistes Corp. v. GDL Best Contractors, Inc.* (2019) 38 Cal.App.5th 677, 692 [same].) However, the plaintiff "bears the burden of proving an amendment could cure the defect." (*T.H. v. Novartis Pharmaceuticals Corp., supra*, 4 Cal.5th at p. 162.) Plaintiffs have not so much as suggested how their complaint could be amended to cure the defect.

**B. The Fourth Cause of Action – Fourteenth Amendment Due Process**

In the fourth cause of action, plaintiffs asserted defendants violated their due process rights under the Fourteenth Amendment to the United States Constitution by destroying their property without affording them notice or an opportunity to be heard. Therefore, plaintiffs asserted defendants violated title 42 United States Code section 1983.

"To state a claim under [title 42 United States Code section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." (*West v. Atkins* (1988) 487 U.S. 42, 48.) " 'State courts look to federal law to determine what conduct will support an action under [title 42 United States Code]

26

section 1983.' " (*Arce v. Childrens Hospital Los Angeles* (2012) 211 Cal.App.4th 1455, 1472.)

"[A]lthough California state law may create a property interest in . . . marijuana, California district courts have found there is no protected property interest for purposes of the Fourteenth Amendment." (*Little v. Gore* (S.D.Cal. 2015) 148 F.Supp.3d 936, 955.) A person may not have a legally protected interest in contraband. (*United States v. Jeffers* (1951) 342 U.S. 48, 52-53.) "An object is contraband per se if its possession, without more, constitutes a crime; or in other words, if there is no legal purpose to which the object could be put." (*United States v. Harrell* (9th Cir. 2008) 530 F.3d 1051, 1057.) Under the federal Controlled Substances Act, title 21 United States Code section 801 et seq., it is illegal for any private person to possess marijuana. (21 U.S.C. §§ 812(c), 841(a)(1), 844(a); see also *Gonzales v. Raich* (2005) 545 U.S. 1, 27 [the federal Controlled Substances Act "designates marijuana as contraband for *any* purpose"]; *The Kind & Compassionate v. City of Long Beach* (2016) 2 Cal.App.5th 116, 120 ["federal law prohibits the possession, distribution and manufacture of marijuana, finding it to be 'a drug with "no currently accepted medical use in treatment in the United States" ' "].) Thus, under federal law, marijuana is contraband and a person may not have a property interest in marijuana protected under the due process clause of the Fourteenth Amendment.

Based on the foregoing, under federal law, plaintiffs had no legally protected property or possessory interest in the cannabis at issue. And, as stated, state " 'courts look to federal law to determine what conduct will support an action under [title 42 United States Code] section 1983.' " (*Arce v. Childrens Hospital Los Angeles, supra*, 211 Cal.App.4th at p. 1472.) The cases on which plaintiffs rely in asserting that title 42 United States Code section 1983 claims are not foreclosed in state courts based on the contraband status of cannabis under federal law did not, in fact, involve federal title 42 United States Code section 1983 claims. (*County of Butte v. Superior Court* (2009)

27

175 Cal.App.4th 729; *City of Garden Grove v. Superior Court* (2007) 157 Cal.App.4th 355.)

We conclude the trial court properly sustained the demurrer as to the fourth cause of action on the ground that, in 2013 and 2014, when the cannabis was seized and destroyed, cannabis was contraband under federal law and plaintiffs could not have an ownership or possessory interest in it legally protected under the due process clause of the Fourteenth Amendment. Moreover, plaintiffs have not shown that amendment could cure the defect, and, accordingly, the trial court properly sustained the demurrer as to the fourth cause of action without leave to amend. (*T.H. v. Novartis Pharmaceuticals Corp., supra*, 4 Cal.5th at p. 162.) In light of our determination, we need not address whether plaintiffs timely filed the fourth cause of action within the applicable two-year limitations period (Code Civ. Proc., § 335.1) or the parties' contentions concerning the tolling of the limitations period (§ 945.3).

### C. The Sixth Cause of Action – *Monell* Liability

In the sixth cause of action, subtitled "Monell Liability," plaintiffs asserted that, "[b]ased on the Fourteenth Amendment to the United States Constitution, [title] 42 [United States Code section] 1983 prevents against the destruction of personal property without due process of law, which defendants violated th[r]ough their destruction of plaintiff[s'] property without notice or an opportunity to be heard." (Boldface omitted.) Plaintiffs alleged the Sheriff's Office had a pattern, practice, or custom of destroying cannabis without affording notice or the opportunity to be heard and that defendants violated title 42 United States Code section 1983 by violating their rights to due process based on this pattern, practice, or custom.

A municipality may be held liable under title 42 United States Code section 1983 for violation of a person's federal constitutional rights if the entity, itself, caused the violation. (*Monell, supra*, 436 U.S. at p. 690.) "To establish *Monell* liability, ' "a plaintiff must 'identify the challenged policy, [practice, or custom,] attribute it to the

28

[county] itself, and show a causal link between the execution of the policy, [practice, or custom,] and the injury suffered.' " ' " (*Arista v. County of Riverside* (2018) 29 Cal.App.5th 1051, 1064.)

However, "[n]either a municipality nor a supervisor . . . can be held liable under [title 42 United States Code section] 1983 where no injury or constitutional violation has occurred." (*Jackson v. City of Bremerton* (9th Cir. 2001) 268 F.3d 646, 653.) If a person has suffered no constitutional injury based on the action of an officer or agent, the fact that a policy, practice, or custom, may have authorized the action "is quite beside the point." (*City of Los Angeles v. Heller* (1986) 475 U.S. 796, 799 [considering *Monell* liability and stating, "[i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point"].)

As stated, under federal law, plaintiffs had no legally protected right to own or possess marijuana. Therefore, they suffered no federal constitutional injury as a result of the destruction of the cannabis. As such, they do not have a viable *Monell* claim based on the destruction of the cannabis. The trial court properly sustained the demurrer as to the sixth cause of action. Additionally, plaintiffs have not shown that amendment could cure the defect, and, accordingly, the trial court properly sustained the demurrer as to the sixth cause of action without leave to amend. (*T.H. v. Novartis Pharmaceuticals Corp.*, *supra*, 4 Cal.5th at p. 162.) And, again, in light of our determination, we need not address whether plaintiffs timely filed the sixth cause of action within the applicable two-year limitations period (Code Civ. Proc., § 335.1) or the parties' contentions concerning the tolling of the limitations period (§ 945.3).[5]

---

[5] As alluded to, *ante*, in light of our determinations that plaintiffs' state law claims (first, second, fifth, and seventh causes of action) were barred by their failure to file timely government claims and their federal claims (third, fourth, and sixth causes of

## DISPOSITION

The order and judgment are affirmed.  Defendants shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


/s/
HOCH, J.


We concur:


/s/
DUARTE, Acting P. J.


/s/
RENNER, J.

---

action) were barred based on timeliness and/or the fact that plaintiffs had no legally protected right to possess marijuana under federal law, we need not reach plaintiffs' sixth argument.  Whether the Health and Safety Code directly addresses the circumstances where medical cannabis is seized and destroyed by law enforcement and later shown to have been lawfully possessed and subject to return is moot in light of the fact that the trial court properly sustained the demurrer as to the entire complaint for the reasons stated. Nor is it necessary for us to consider a variety of matters raised by defendants to effectively address the issues raised on this appeal.  Among other issues, these matters include:  issues defendants claim plaintiffs have forfeited or failed to raise in their opening brief; Brian's standing concerning the marijuana; that the denial of a motion to suppress in the criminal proceeding precludes liability here; liability on the sixth cause of action and on the state law causes of action related to marijuana is precluded by the *Noerr-Pennington* doctrine (see *Eastern R. Conf. v. Noerr Motors* (1961) 365 U.S. 127; *United Mine Workers v. Pennington* (1965) 381 U.S. 657; see generally *Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2006) 136 Cal.App.4th 464, 478 [explaining the *Noerr-Pennington* doctrine]) and liability on the state law causes of action related to marijuana is precluded by the *Noerr-Pennington* doctrine as well as Civil Code section 47, subdivision (b)(2); that the omission of facts in Sergeant St. Pierre's warrant application were immaterial; prosecutorial immunity; and that plaintiffs' cannabis would have been worthless by the time they sought its return and therefore any misconduct by defendants did not cause plaintiffs' damages.